IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VERTIS ANTHONY, # 282673, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:15cv618-MHT |
| | ) (WO) |
| LOUIS BOYD, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter concerns a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Vertis Anthony ("Anthony") on August 25, 2015. Doc. No. 1.[1] For the reasons that follow, it is the recommendation of the magistrate judge that Anthony's § 2254 petition be denied without an evidentiary hearing and this case be dismissed with prejudice.

### I. BACKGROUND AND PROCEDURAL HISTORY

In November 2011, a Bullock County jury found Anthony guilty of attempted murder, in violation of §§ 13A-4-2 & 13A-6-2, Ala. Code 1975. On December 8, 2011, the trial court sentenced Anthony to 35 years in prison.

On appeal, Anthony's appellate counsel filed a brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). In his brief, counsel asserted he

---

[1] Document numbers ("Doc. No.") are those assigned by the clerk of court in this civil action. Page references are to those assigned by CM/ECF.

found no meritorious issues for appellate review. Anthony was afforded an opportunity to submit *pro se* issues, and did so in a brief where he asserted claims that, among other things, challenged the sufficiency of the evidence. Doc. No. 32-3.

On September 21, 2012, the Alabama Court of Criminal Appeals affirmed Anthony's conviction by unpublished opinion, holding that "[a]fter thoroughly reviewing the record in this case and Anthony's pro se issues, this Court has not found any arguable issues." Doc. No. 32-4. Anthony applied for rehearing, which was overruled, and he subsequently filed a petition for writ of certiorari with the Alabama Supreme Court, which that court dismissed as untimely. Doc. No. 32-6. A certificate of judgment issued on November 21, 2012. Doc. No. 32-5.

On September 11, 2013, Anthony filed a *pro se* petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. No. 32-7 at 4–19. Anthony's Rule 32 petition asserted multiple claims, including allegations that his conviction was obtained by a coerced confession and an unlawful search of his car; he was unlawfully arrested; the State failed to disclose favorable evidence to the defense; his conviction violated the protection against double jeopardy; his sentence exceeded the maximum authorized by law; newly discovered evidence required that his conviction be vacated; the State's evidence was insufficient; the Alabama Supreme Court incorrectly dismissed his petition for certiorari on direct review as untimely; his trial counsel rendered ineffective assistance; the indictment was defective; and the trial court lacked jurisdiction to render judgment or impose sentence. *Id*. at 7–16.

On January 21, 2014, without waiting for a response by the State, the trial court entered an order summarily denying Anthony's Rule 32 petition, finding Anthony had failed to satisfy the pleading requirements of Ala.R.Crim.P. 32.6(b).[2] Doc. No. 32-7 at 29. Anthony appealed, reasserting most claims in his Rule 32 petition and also asserting numerous issues not raised in the petition. Doc. No. 32-8.

On March 6, 2015, the Alabama Court of Criminal Appeals affirmed the trial court's judgment denying Anthony's Rule 32 petition. Doc. No. 32-9. Setting forth its reasoning in affirming the trial court's judgment, the Alabama Court of Criminal Appeals stated:

> To the extent that appellant's pleadings are comprehensible, they are far from establishing a recognizable right to relief. The circuit court correctly concluded that Anthony failed to satisfy the pleading requirements of Rule 32.6(b). For this reason summary denial of appellant's petition without an evidentiary hearing was proper.
>
> None of Anthony's claims are pleaded with the specificity required by Rule 32.(6)(b). Anthony has failed to provide a "clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." *See Gilmore v. State*, 937 So.2d 547, 550 (Ala. Crim. App. 2005).
>
> Moreover, Anthony's brief is a mishmash of numerous federal and state case citations, citations to the Code of Alabama, and to the federal code, with no correspondence to the issues in his petition.
>
> Anthony has not complied with Rule 28(a)(10), Ala.R.App.P., which requires that an argument contain "the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on." Further, "[a]uthority supporting only 'general propositions of law' does not constitute a sufficient argument for reversal." *Beachcroft Properties, LLP v.*

---

[2] Rule 32.6(b) provides: "Each claim in the [Rule 32] petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Ala.R.Crim.P. 32.6(b).

3

*City of Alabaster*, 901 So.2d 703, 708 (Ala. 2004), quoting *Geisenhoff v. Geisenhoff*, 693 So.2d 489, 491 (Ala. Civ. App. 1997). "An appellate court will consider only those issues properly delineated as such and will not search out errors which have not been properly preserved or assigned. This standard has been specifically applied to briefs containing general propositions devoid of delineation and support from authority or argument." *Ex parte Riley*, 464 So.2d 92, 94 (Ala. 1985) (citations omitted). *See also Spradlin v. Spradlin*, 601 So.2d 76, 78–79 (Ala. 1992) (holding that citation to a single case with no argument as to how that case supports the appellant's contention on appeal was insufficient to satisfy Rule 28(a)(5), Ala.R.App.P., now Rule 28(a)(10), Ala.R.App.P.); and *Hamm v. State*, 913 So. 2d 460, 486 (Ala. Crim. App. 2002) (noncompliance with Rule 28(a)(10) has been deemed a waiver of the claims on appeal).

Anthony also argued numerous issues which were not alleged as claims in the petition and has raised them for the first time in his brief on appeal; therefore, they are not subject to review. *See Arrington v. State*, 716 So.2d 237, 239 (Ala. Crim. App. 1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.").

A circuit court may summarily dismiss a petitioner's Rule 32 petition pursuant to Rule 32.7(d), Ala.R.Crim.P.,

> "[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition."

*See also, Hannon v. State*, 861 So.2d 426, 427 (Ala. Crim. App. 2003); *Cogman v. State*, 852 So.2d 191, 193 (Ala. Crim. App. 2002); *Tatum v. State*, 607 So.2d 383, 384 (Ala. Crim. App. 1992). Because the petitioner's claims were not sufficiently specific, failed to state a claim, and were without merit, summary disposition was appropriate.

For the foregoing reasons, the judgment of the circuit court is due to be affirmed.

Doc. No. 32-9 at 6–7.

Anthony applied for rehearing, which the Alabama Court of Criminal Appeals overruled. Subsequently, the Alabama Supreme Court dismissed his petition for writ of certiorari as untimely filed. Doc. Nos. 32-10 & 32-11. A certificate of judgment issued on May 6, 2015. Doc. No. 32-12.

On August 25, 2015, Anthony initiated this habeas action by filing a § 2254 petition asserting claims that (1) the trial court lacked jurisdiction to try his case; (2) his trial counsel was ineffective for (a) failing to object to or "cure" the "constructive amendment in the indictment" and (b) failing to object to the jury instructions, "which followed [the] indictment which contained constructive amendment"; and (3) his conviction "conflicted with prior decisions." Doc. No. 1 at 10–15, 30–47. Twice thereafter, and before the Respondents could file an answer, Anthony filed amendments to his petition, which, to the extent they may be understood to touch upon issues pertinent to his conviction, appear to reargue or elaborate upon the claims in his original petition. Doc. Nos. 16 & 20.

In their answer to Anthony's petition, the Respondents state that Anthony appears to have exhausted his claims in the state courts by presenting them in his Rule 32 petition and on appeal from the denial of his Rule 32 petition. Doc. No. 32 at 5. Elsewhere in their answer, however, the Respondents indicate that Anthony *failed* to exhaust his claims in the state courts, because both of his appeals—on direct review and in the Rule 32 proceedings—ended with the Alabama Supreme Court dismissing his petitions for writ of certiorari as untimely. *Id*. at 7. Such dismissals would mean Anthony's claims did not receive a complete round of appellate review in the state courts. *Id*; s*ee O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (To exhaust a claim fully, a petitioner must "invok[e]

one complete round of the State's established appellate review process."). In any event, the Respondents go on to argue that Anthony's claims are procedurally defaulted because the last state court to review and give its reasons for rejecting the claims, the Alabama Court of Criminal Appeals in Anthony's Rule 32 appeal, applied a state procedural bar in denying relief, specifically finding that Anthony failed to comply with Ala.R.App.P. 28(a)(10). *Id*. at 6–11.

The undersigned finds that Anthony's § 2254 petition fails for several reasons. First, by failing to comply with state Rule 28(a)(10) in his appeal from the denial of his Rule 32 petition, Anthony procedurally defaulted on each claim asserted in the instant petition. Also, Anthony's claims are arguably unexhausted and defaulted. Finally, even if Anthony had not defaulted in the state court, his claims—which consist almost entirely of conclusory allegations unsupported by specifics—would nonetheless fail on the merits.

## II. DISCUSSION

### A. Procedural Default

#### *1. Adequate and Independent State Ground*

Federal habeas review may be unavailable for claims that a state appellate court has rejected on state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). When a state prisoner fails to follow state procedural rules, thereby procedurally defaulting on a claim, the authority of federal courts to review the prisoner's state court criminal conviction is "severely restricted." *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests

6

on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *see Marek v. Singletary*, 62 F.3d 1295, 1301–02 (11th Cir. 1995).

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

Here, after the trial court denied Anthony's Rule 32 petition, the Alabama Court of Criminal Appeals affirmed due to Anthony's failure to comply with Rule 28(a)(10) of the Alabama Rules of Appellate Procedure,[3] explaining that Anthony's appellate brief was "a mishmash of numerous federal and state case citations, citations to the Code of Alabama, and to the federal code, with no correspondence to the issues in his petition" and indicating that the general propositions presented by Anthony were unconnected to the facts and record in his case; thus, such claims were deemed waived for purposes of appeal. *See* Doc. No. 32-9 at 6–7. Anthony's brief from his Rule 32 appeal is contained in the record. Doc. No. 32-8. Suffice it to say, the brief is accurately described by the Alabama Court of Criminal Appeals. It is indeed a "mishmash" of citations to federal and state case law,

---

[3] Rule 28(a)(10) provides, in pertinent part, that an argument in an appellant's brief must "contain[ ] the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on." Ala.R.App.P. 28(a)(10).

statutes, and rules of procedure with no discernable correspondence to the issues in Anthony's Rule 32 petition.

The Alabama Court of Criminal Appeals' application of Ala.R.App.P. 28(a)(10) constitutes an adequate and independent state procedural ground. *Harris*, 489 U.S. at 264 n.10. This procedural bar is firmly established and regularly followed by Alabama appellate courts.[4] *See, e.g., Hamm v. State*, 913 So.2d 460, 486 & 490–91 (Ala. Crim. App. 2002); *Gay v. State*, 562 So.2d 283, 289 (Ala. Crim. App. 1990). The express language of Rule 28(a)(10) makes clear that an appellant must list and explain the reasons for his claims and provide record citations in support thereof. The claims that the Alabama Court of Criminal Appeals found to be waived in Anthony's case did not comply with this rule. Consequently, Anthony's habeas claims are procedurally defaulted.[5] *See, e.g., Hamm v. Allen*, 2013 WL 1282129, at *19–21 (N.D. Ala. Mar. 27, 2013) (petitioner's claims procedurally defaulted where Alabama Court of Criminal Appeals found that such claims were waived due to petitioner's failure to comply with Ala.R.App.P. 28); *Bester v. Patterson*, 2013 WL 6191520 at *11–12 (N.D. Ala. Nov. 26, 2013) (same).

2. ***Exhaustion***

---

[4] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

[5] It is difficult to parse the language in Anthony's Rule 32 appeal brief to identify the places where his current claims are asserted. However, for purposes of this Recommendation, the undersigned will assume each of Anthony's instant claims is contained in his Rule 32 appeal brief.

Even if Anthony's claims regarding the trial court's alleged lack of jurisdiction and the "conflict" between his conviction and "prior decisions" might be considered substantive claims capable of being exhausted on direct review (as opposed to through Rule 32 proceedings, where claims of ineffective assistance of counsel are ideally raised in Alabama courts), Anthony failed to exhaust these two claims on direct review.[6] Assuming (without finding) that these claims were set forth in the muddled arguments contained in Anthony's *pro se* issues submitted on direct appeal, Anthony later submitted an untimely petition for writ of certiorari in the Alabama Supreme, which that court dismissed as untimely filed.[7] Therefore, Anthony did not receive a complete round of appellate review in the state court on any claims he asserted on direct appeal, and such claims were not properly exhausted.[8] *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If these claims

---

[6] Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See* 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[7] It is arguable that some version of Anthony's claim that his conviction "conflicted with prior decisions" (Doc. No. 1 at 15, 44–45) is asserted at pp. 8–15 of Anthony's *pro se* brief on direct appeal (*see* Doc. No. 32-3 at 9–16), where Anthony expounds on the physical-injury component of the offense of assault; a similar discussion along these lines is contained in the "conflicted with prior decisions" claim in his habeas petition. It is less apparent that Anthony's "lack of jurisdiction" argument is set out anywhere in his *pro se* brief on direct appeal.

[8] In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala.R.App.P. 39 & 40. The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

are deemed to be substantive claims capable of being exhausted on direct review, Anthony may no longer return to the state courts to exhaust such claims, because the time for him to seek state certiorari review has long since passed, and he has no other available remedies. *See* Ala.R.App.P. 39(c)(2) (petition for writ of certiorari must be filed with the Alabama Supreme Court within 14 days after the decision of the Alabama Court of Criminal Appeals on the appellant's application for rehearing). The exhaustion and preclusion rules coalesce into the procedural default of such claims.[9] *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

### 3. *Exceptions to Procedural Default*

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995).[10] Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). Examples of

---

[9] Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

[10] Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. Anthony does not try to argue that the actual-innocence exception provides a gateway for review of his procedurally defaulted claims.

such external impediments include a factual or legal basis for a claim that was not reasonably available, interference with the defense by government officials, or constitutionally ineffective assistance of counsel. *Murray*, 477 U.S. at 488. To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted).

After the Respondents filed their answer arguing that Anthony had procedurally defaulted his claims (Doc. No. 32), this court entered an order (Doc. No. 33) allowing Anthony to respond to the Respondents' answer. Although Anthony filed a response (Doc. No. 39), it did not set forth grounds that establish cause excusing his procedural default. To the extent Anthony's arguments in his response can be understood, it appears Anthony maintains his procedural default was the result of ineffective assistance by his trial counsel and by his counsel on direct appeal. *See* Doc. No. 39 at 1–6. Constitutionally ineffective assistance of counsel can be used as cause to excuse procedural default, but it does not apply in Anthony's case. The procedural default of Anthony's claims occurred at the appeal stage of the Rule 32 proceedings, when Anthony submitted an appellate brief that did not comply with Ala.R.App.P. 28(a)(10). Because a default occurring during Anthony's Rule 32 appeal obviously cannot be attributed to actions by his trial counsel or by his counsel on direct appeal, Anthony fails to demonstrate cause for his procedural default.

Assuming, alternatively, that Anthony's default of his claims regarding the trial court's alleged lack of jurisdiction and the "conflict" between his conviction and "prior

11

decisions" occurred during the direct-review stage of his case, when he filed an untimely petition for writ of certiorari with the Alabama Supreme Court, cause for that default plainly cannot be laid at the feet of trial counsel, nor can cause be predicated on a theory of appellate counsel's alleged ineffective assistance for failing to file a timely petition for writ of certiorari with the Alabama Supreme Court. Applications for rehearing and petitions for writ of certiorari concern discretionary review under Alabama law, *see Kinsey v. State*, 545 So.2d 200, 2003 (Ala. Crim. App. 1989), and a criminal defendant does not have a constitutional right to counsel to pursue discretionary review. *Wainwright v. Torna*, 455 U.S. 586, 587 (1982); *Ross v. Moffitt*, 417 U.S. 600 (1974). Because Anthony had no constitutional right to counsel at the stage of direct review when a timely petition for writ of certiorari could have been filed, he could not be deprived of the effective assistance of counsel at that stage. *Torn*a, 455 U.S. at 587–88. Thus, his appellate counsel's failure to file a timely petition for writ of certiorari cannot establish cause excusing his failure to exhaust his claims.[11]

Because Anthony fails to establish cause excusing his procedural default, his claims are foreclosed from federal habeas review.

---

[11] What is more, an argument alleging that appellate counsel rendered ineffective assistance in this regard must itself have been raised as an *independent* claim before the state court. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Like other federal claims, the ineffective assistance claim must also be raised properly in state court. *Id*. at 452. If the ineffective assistance of counsel claim is not raised properly in state court, or if it is raised but procedurally defaulted under an adequate and independent state ground, then the ineffective assistance of counsel claim cannot be used as cause to excuse procedural default of another claim in a § 2254 proceeding. *Id*. at 452–53. Anthony's Rule 32 petition did not present the state court with a claim that his appellate counsel was ineffective for failing to file a timely petition for writ of certiorari with the Alabama Supreme Court.

**B. Anthony's Claims Also Fail on the Merits.**

Even if Anthony's claims were not procedurally defaulted, or if he could overcome that default, his claims would fail on the merits nonetheless. Anthony's § 2254 petition—like his *pro se* brief on direct appeal, his Rule 32 petition, and the brief he filed in his Rule 32 appeal—consists mainly of a confused (and confusing) hodgepodge of conclusory assertions and citations to federal and state legal authorities with no discernable correspondence to his general claims. As has been noted, those general claims are that (1) the trial court lacked jurisdiction to try his case; (2) his trial counsel was ineffective for (a) failing to object to or "cure" the "constructive amendment in the indictment" and (b) failing to object to the jury instructions, "which followed [the] indictment which contained constructive amendment"; and (3) his conviction "conflicted with prior decisions." Doc. No. 1 at 10–15, 30–47. As discussed below, to the extent Anthony's allegations and arguments in support of his claims are even understandable, they are devoid of colorable merit.

*1. Trial Court's Jurisdiction*

Anthony's claim that the trial court lacked jurisdiction to try his case appears to be predicated on his unfounded belief that the trial court somehow amended the indictment returned by the grand jury by changing language allegedly in the indictment charging him with "manifesting extreme indifference to human life" and submitting to the jury "the question whether defendant is also guilty of directing indifference to the victim only." Doc. No. 1 at 32; *see id*. at 10, 33–39. Anthony's claim is wholly unsupported by any evidence. The count in the indictment charging Anthony with attempted murder tracks the language

of §§ 13A-4-2 & 13A-6-2, Ala. Code 1975, and contains no mention of "manifesting extreme indifference to human life."[12] *See* Doc. No. 32-13 at 9. In its jury charge, the trial court properly instructed jurors on the elements of the offense of attempted murder and made no mention of Anthony's "directing indifference to the victim." *See* Doc. No. 32-14 at 223–25. The trial court did not change the language of the indictment or submit an offense different from that charged in the indictment when instructing the jury.

Anthony suggests that the trial court constructively amended the indictment (and thereby lost jurisdiction) by "allow[ing] irrelevant evidence outside what was alleged in the indictment to secure the verdict." Doc. 1 at 38. Anthony does not identify the irrelevant evidence he is referring to here, nor does he establish how he was convicted based upon irrelevant evidence. Certainly, he does not demonstrate how the admission of such evidence amounted to constructive amendment of the indictment or stripped the trial court of jurisdiction. Anthony was charged with attempting to murder the victim by shooting

---

[12] Count 1 of the indictment states:

> The Grand Jury of said county charge that, before the finding of this indictment, VERTIS JEROME ANTHONY, whose name is otherwise unknown to the Grand Jury, did on or about March 9, 2010, with the intent to commit the crime of murder (Section 13A-6-2 of the Alabama Criminal Code) attempt to intentionally cause the death of another person, JOE TURNER SMITH, JR., by shooting him multiple times with a handgun, in violation of Section 13A-4-2 of the Code of Alabama.

Doc. No. 32-13 at 9. Count 2 of the indictment charged Anthony with possessing a firearm after having been convicted of a crime of violence, in violation of § 13A-11-72(a), Ala. Code 1975. *Id.* Because of a concern about admission of unduly prejudicial evidence of his prior crime of violence, Anthony was tried solely on the attempted murder charge in the instant case, where the jury heard no evidence related to his prior crime of violence.

him multiple times with a handgun, and that it what the evidence presented at trial showed. Anthony's claim here is devoid of merit and provides no basis for relief.[13]

### 2. *Ineffective Assistance of Counsel: Constructive Amendment of Indictment*

As noted, Anthony claims his trial counsel was ineffective for (1) failing to object to or "cure" the "constructive amendment in the indictment" and (2) failing to object to the jury instructions, "which followed [the] indictment which contained constructive amendment," which then "became a fatal variance."[14] Doc. No. 1 at 12–13, 40–43. To the extent Anthony's allegations of ineffective assistance of counsel are comprehensible, it is apparent they are based on his unfounded belief, discussed above, that the count of the indictment charging him with attempted murder was constructively amended during trial. Anthony does not explain in a coherent manner in what way the indictment was constructively amended, and there is simply no evidence that this is so. Because the indictment was not constructively amended, Anthony's trial counsel could not be ineffective for failing to object to or cure the constructive amendment, or for failing to

---

[13] It appears Anthony might also predicate his "jurisdictional" claim on an argument that a prior felony conviction for assault that was used to enhance his sentence under Alabama's habitual felony statute was not charged in the indictment. *See* Doc. No. 1 at 37. However, prior convictions are not offense elements that need be alleged in the indictment and proved to the jury for a defendant be sentenced under Alabama's habitual felony offender statute. *See, e.g., Holley v. State*, 397 So. 2d 211, 214 (Ala. Crim. App. 1981). The same is true of Alabama's firearm-enhancement statute, § 13A-5-6(a)(4), Ala. Code 1975, which the trial court appears to have applied in Anthony's case. *See McNair v. State*, 164 So. 3d 1179, 1181 (Ala. Crim. App. 2014).

[14] In parts of his petition, Anthony appears to use the term "procedural default" to mean ineffective assistance of counsel. *See* Doc. No. 1 at 41.

object to jury instructions that allegedly contained the constructive amendment. Anthony's claim lacks merit and provides no basis for relief.

### 3. *"Conflict with Prior Decisions"*

Finally, Anthony claims his conviction "conflicted with prior decisions." Doc. No. 1 at 15, 44–45. Regarding this claim, he cites (1) Alabama case law concerning the so-called "merger doctrine," which bars the use of the felony-murder rule when the underlying felony directly results in, or is an integral part of, the homicide,[15] and (2) case law and statutes concerning the elements of first-degree assault. Neither the merger doctrine nor the elements of first-degree assault (particularly the element of physical injury that Anthony dwells on in his petition) has anything to do with Anthony's conviction for attempted murder.[16] Anthony did not commit a homicide, and physical injury is not an element of attempted murder. Anthony's claim lacks merit and provides no basis for relief.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before September 11, 2017. Any objections filed

---

[15] *See Barnett v. State*, 783 So. 2d 927, 928–30 (Ala. Crim. App. 2000).

[16] In addition to charging the jury on attempted murder, the trial court also gave jury charges on the lesser included offenses of first- and second-degree assault.

must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 28th day of August, 2017.

       /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE